UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOBBY DANTZLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6309** |
| **N. BURL CAIN** | **SECTION: "R"(1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED**.

Petitioner, Bobby Dantzler, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He has filed the instant federal application challenging three separate convictions in the Orleans Parish Criminal District Court: Case Nos. 332-190, 332-191, and 333-873.

In Case No. 332-190, petitioner was convicted of manslaughter on April 10, 1990.[1] On April 27, 1990, he was sentenced to a term of twenty-one years imprisonment.[2] On September 12, 1991, the Louisiana Fourth Circuit Court of Appeal affirmed that conviction and sentence.[3]

---

[1] State Rec., Vol. 4 of 7, transcript of April 10, 1990, p. 30; State Rec., Vol. 1 of 7, minute entry dated April 10, 1990; State Rec., Vol. 1 of 7, jury verdict form.
[2] State Rec., Vol. 6 of 7, transcript of April 27, 1990; State Rec., Vol. 1 of 7, minute entry dated April 27, 1990.
[3] State v. Dantzler, No. 90-KA-0908 (La. App. 4th Cir. Sept. 12, 1991); State Rec., Vol. 1 of 7.

In Case No. 332-191, petitioner pleaded guilty to manslaughter under Louisiana law on November 21, 1989.[4] On April 27, 1990, he was sentenced to a term of twenty-one years imprisonment.[5]

In Case No. 333-873, petitioner was convicted of armed robbery under Louisiana law on June 12, 1989.[6] On April 27, 1990, he was sentenced to a term of ninety-nine years imprisonment without benefit of parole, probation, or suspension of sentence.[7] On December 30, 1991, the Louisiana Fourth Circuit Court of Appeal affirmed that conviction and sentence.[8]

On June 10, 1993, petitioner filed an application for post-conviction relief with the state district court in Case No. 333-873.[9] That application was denied on October 13, 1993.[10] On September 3, 1997, the Louisiana Fourth Circuit Court of Appeal affirmed that judgment.[11] On May 8, 1998, the Louisiana Supreme Court then denied his related writ application.[12]

On February 21, 1997, petitioner filed a "Motion to Correct Illegal Sentence" with the state district court in Case No. 333-873.[13] That motion was denied on August 25, 1997.[14] He then filed

---

[4] State Rec., Vol. 6 of 7, transcript of November 21, 1989; State Rec., Vol. 2 of 7, minute entry dated November 21, 1989; State Rec., Vol. 2 of 7, guilty plea form.
[5] State Rec., Vol. 6 of 7, transcript of April 27, 1990; State Rec., Vol. 5 of 7, minute entry dated April 27, 1990.
[6] State Rec., Vol. 5 of 7, transcript of June 12, 1989, p. 100; State Rec., Vol. 3 of 7, minute entry dated June 12, 1989; State Rec., Vol. 3 of 7, jury verdict form.
[7] State Rec., Vol. 6 of 7, transcript of April 27, 1990; State Rec., Vol. 5 of 7, minute entry dated April 27, 1990.
[8] State v. Dantzler, 591 So.2d 1385 (La. App. 4th Cir. 1991); State Rec., Vol. 5 of 7.
[9] State Rec., Vol. 3 of 7. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to the *pro se* filings in this case, this Court will simply use the signature date of the applications as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed. In those instances where no signature date appears on a document and no other evidence is available, the Court will look to the file-stamp placed on the document by the clerk of court. Any slight imprecision resulting from this method is ultimately of no consequence because petitioner's application is untimely by more than a decade.
[10] State Rec., Vol. 3 of 7, Judgment dated October 13, 1993.
[11] State v. Dantzler, No. 97-K-1660 (La. App. 4th Cir. Sept. 3, 1997); State Rec., Vol. 7 of 7.
[12] State ex rel. Dantzler v. State, 718 So.2d 425 (La. 1998) (No. 97-KH-2781); State Rec., Vol. 7 of 7.
[13] State Rec., Vol. 3 of 7.
[14] State Rec., Vol. 3 of 7, Judgment dated August 25, 1997.

a motion for reconsideration on September 16, 1997,[15] which was likewise denied on September 26, 1997.[16]

On July 31, 1997, petitioner filed a "Motion to Correct an Illegal Sentence" with the state district court with respect to all three convictions.[17] That motion was denied on August 25, 1997.[18] Petitioner's related writ applications were then likewise denied by the Louisiana Fourth Circuit Court of Appeal on October 27, 1997,[19] and by the Louisiana Supreme Court on May 8, 1998.[20]

On August 8, 2001, petitioner filed a federal habeas corpus application in this Court in which he challenged his conviction in Case No. 333-873. That application was dismissed with prejudice as untimely.[21]

On October 30, 2003, petitioner filed a "Motion to Correct an Illegal Sentence and/or Enforce Guilty Plea Agreement" and an application for post-conviction relief with the state district court challenging all three of his convictions.[22] He was denied relief by the state district court on January 9, 2004,[23] and January 16, 2004,[24] by the Louisiana Fourth Circuit Court of Appeal on March 5, 2004,[25] and by the Louisiana Supreme Court on February 18, 2005.[26]

On July 23, 2010, petitioner filed an application for post-conviction relief in state district court with respect to Case Nos. 332-191 and 333-873.[27] That application was denied on August 18, 2010.[28] His related writ applications were then likewise denied by the Louisiana Fourth Circuit

---

[15] State Rec., Vol. 3 of 7.
[16] State Rec., Vol. 3 of 7, Judgment dated September 27, 1997.
[17] State Rec., Vol. 1 of 7.
[18] State Rec., Vol. 1 of 7, Judgment dated August 25, 1997.
[19] State v. Dantzler, No. 97-K-2340 (La. App. 4th Cir. Oct. 27, 1997); State Rec., Vol. 6 of 7.
[20] State ex rel. Dantzler v. State, 718 So.2d 425 (La. 1998) (No. 97-KH-2907); State Rec., Vol. 6 of 7.
[21] Dantzler v. Stadler [sic], Civ. Action No. 01-2455 (E.D. La. October 12, 2001).
[22] State Rec., Vol. 1 of 7.
[23] State Rec., Vol. 1 of 7, Judgment dated January 9, 2004.
[24] State Rec. Vol. 2 of 7, Judgment dated January 16, 2004; State Rec. Vol. 3 of 7, Judgment dated January 16, 2004.
[25] State v. Dantzler, No. 2004-K-0155 (La. App. 4th Cir. Mar. 5, 2004); State Rec., Vol. 7 of 7.
[26] State v. Dantzler, 896 So.2d 25 (La. 2005); State Rec. Vol. 7 of 7.
[27] State Rec., Vol. 7 of 7.
[28] State Rec., Vol. 7 of 7, Judgment dated August 18, 2010.

Court of Appeal on October 12, 2010,[29] and by the Louisiana Supreme Court on February 10, 2012.[30]

On July 10, 2014, petitioner filed a "Motion to Withdraw Guilty Plea" in state district court with respect to Case Nos. 332-191 and 333-873.[31] That application was denied on July 31, 2014.[32] His related writ applications were likewise denied by the Fourth Circuit Court of Appeal on October 16, 2014,[33] and by the Louisiana Supreme Court on September 25, 2015.[34]

On November 20, 2015, petitioner filed the instant federal application seeking habeas corpus relief.[35] That state has filed a response in opposition.[36] For the following reasons, the undersigned recommends that the application be dismissed.

## Case No. 333-873

As noted, in 2001, petitioner sought federal habeas corpus relief with respect to his conviction in Case No. 333-873, and that application was dismissed with prejudice as untimely.[37] Therefore, he may not pursue another challenge to that state criminal judgment without first obtaining authorization from the United States Fifth Circuit Court of Appeals to file a second or successive application. See 28 U.S.C. § 2244(b). Because he has not complied with that requirement, this Court lacks jurisdiction to entertain another challenge to that criminal judgment. Holts v. Cain, Civ. Action No. 15-4584, 2016 WL 346898, at *2-3 (E.D. La. Jan. 8, 2016), adopted,

---

[29] State v. Dantzler, No. 2010-K-1373 (La. App. 4th Cir. Oct. 12, 2010); State Rec., Vol. 7 of 7.
[30] State ex rel. Dantzler v. State, 80 So.3d 481 (La. 2012); State Rec., Vol. 7 of 7.
[31] State Rec., Vol. 6 of 7.
[32] State Rec., Vol. 6 of 7, Judgment dated July 31, 2014.
[33] State v. Dantzler, No. 2014-K-1000 (La. App. 4th Cir Oct. 26, 2014); State Rec., Vol. 6 of 7.
[34] State ex rel. Dantzler, 178 So.3d 162 (La. 2015); State Rec., Vol. 6 of 7.
[35] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that he placed the application in the prison mailing system on November 20, 2015. Rec.Doc. 1, p. 15.
[36] Rec. Doc. 8.
[37] Dantzler v. Stadler [sic], Civ. Action No. 01-2455 (E.D. La. October 12, 2001). "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir.1985).

2016 WL 301815 (E.D. La. Jan. 25, 2016); McKendall v. Rader, Civ. Action No. 13-6047, 2014 WL 37252, at *2 (E.D. La. Jan. 6, 2014).[38]

### Case Nos. 332-190 and 332-191

To the extent that petitioner is seeking to challenge his state criminal judgments in Case Nos. 332-190 and 332-191, his application is untimely. Because those state criminal judgments became final prior to the enactment of the AEDPA, he has the benefit of a "grace period" for seeking relief. Specifically, he is subject to a one-year statute of limitations which commenced on the AEDPA's effective date, April 24, 1996. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998). Therefore, his period for seeking habeas corpus relief with respect to Case Nos. 332-190 and 332-191 expired on April 24, 1997, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).[39]

As recounted in the procedural history summarized earlier in this opinion, petitioner had several state applications pending during the period of 1996-1998, and so some period of statutory tolling would apply. However, it is unnecessary to determine precisely when that tolling

---

[38] However, even if the Court had jurisdiction to entertain petitioner's challenge to the state criminal judgment in Case No. 333-873, that challenge would be untimely for the same reasons as explained *infra* with respect to his challenges to Case Nos. 332-190 and 332-191.

[39] The undersigned notes that petitioner filed a number of motions seeking transcripts and other documents over the years. However, those motions have not been summarized or considered herein, because it is clear that motions seeking transcripts or other documents are not considered applications for "State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n.22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

5

commenced because, in any event, far more than one year elapsed untolled *after* any such tolling ended.

Specifically, it is beyond cavil that all statutory tolling ceased no later than May 8, 1998, when the Louisiana Supreme denied relief on the final remaining applications.[40]  Accordingly, even if the Court assumes for the purposes of this decision that the limitations period was tolled for the *entire* period from April 24, 1996, the AEDPA's effective date, through May 8, 1998, the date on which the Louisiana Supreme Court issued its opinions denying petitioner relief, his federal application is untimely.  Under that scenario, his one-year federal limitations period for seeking habeas corpus relief with respect to Case Nos. 332-190 and 332-191 would finally have commenced on that latter date[41] and would then have expired on May 10, 1999,[42] unless that deadline was further extended through additional tolling.

Petitioner had no applications for "State post-conviction or other collateral review" pending at any time during that one-year period.  Therefore, he clearly is not entitled to further *statutory* tolling under 28 U.S.C. § 2244(d)(2).[43]

The Court must next consider *equitable* tolling.  The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling.  Holland v.

---

[40] State *ex rel.* Dantzler v. State, 718 So.2d 425 (La. 1998) (No. 97-KH-2781); State *ex rel.* Dantzler v. State, 718 So.2d 425 (La. 1998) (No. 97-KH-2907); State Rec., Vols. 6 and 7 of 7.

[41] A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief.  Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

[42] Because May 8, 1999 fell on a Saturday, petitioner's deadline was extended through the following Monday, May 10, 1999.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed. R. Civ. P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

[43] Although petitioner later filed additional post-conviction applications, it is clear that applications filed *after* the expiration of the federal statute of limitations have no bearing on the timeliness of a federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).  Simply put, once the federal limitations period has expired, "[t]here [i]s nothing to toll."  Butler, 533 F.3d at 318.

Florida, 560 U.S. 631, 645 (2010).  However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").  A petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court has held:  "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations."  McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  That said, the Supreme Court took care to note:  "We caution, however, that tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  Here, petitioner does not invoke McQuiggin and, in any event, he has not made colorable showing that he is actually innocent in light of "new evidence."

Because petitioner is not entitled to further statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application seeking *habeas corpus* relief with respect to Case Nos.

332-190 and 332-191 had to be filed no later than May 10, 1999, in order to be timely. In that his federal application was not filed until November 20, 2015, it is untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED** the federal application for habeas corpus relief filed by Bobby Dantzler be **DISMISSED**. To the extent that petitioner is challenging his state criminal judgment in Case No. 333-873, it is **RECOMMENDED** that challenge be **DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**. To the extent that petitioner is challenging his state criminal judgments in Case Nos. 332-190 and 332-191, it is **RECOMMENDED** that those challenges be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[44]

New Orleans, Louisiana, this thirtieth day of March, 2016.



_____
**SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE**

---

[44] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.