UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BOBBY DANTZLER                                               CIVIL ACTION

VERSUS                                                       NO. 15-6309

N. BURL CAIN                                                 SECTION: R (1)

### ORDER AND REASONS

Pro se litigant Bobby Dantzler petitions the Court for habeas corpus relief under 28 U.S.C. § 2254.[1] Dantzler challenges three convictions (state-court case nos. 332-190, 332-191, and 333-873), the latest of which became final on December 30, 1991.[2] Regarding case no. 333-873, the Magistrate Judge recommends that Dantzler's petition be dismissed without prejudice for lack of subject matter jurisdiction. This is Dantzler's second petition for federal habeas corpus relief on that conviction, and Dantzler failed to obtain authorization to file a second or successive application from the Fifth Circuit Court of Appeals.[3] Regarding case nos. 332-190 and 332-191, the Magistrate Judge recommends that Dantzler's petition be dismissed with prejudice as untimely. Dantzler's convictions became final more than a decade ago, and any statutory or equitable tolling to which he may be entitled does not cover that entire span of time.[4]

Dantzler objected to the Magistrate Judge's Report and Recommendation (R&R), but does not dispute that he filed his habeas petition years late. Nonetheless, Dantzler

---

[1]    R. Doc. 1.

[2]    R. Doc. 9 at 2.

[3]    *Id.* at 4, 8.

[4]    *Id.* at 5-8.

states that he "feels that his application should not be deemed untimely" and that he should receive an evidentiary hearing on the merits of his allegations. As the Magistrate Judge explained in the R&R, Danztler had until April 24, 1997, save any period of statutory or equitable tolling, to file his habeas petition. Even the most generous calculation of statutory and equitable tolling, as the Magistrate Judge applied here, does not excuse Danztler's waiting nearly nineteen years to pursue federal habeas relief. This objection is overruled.

Regarding case no. 333-873, Dantzler objects on the ground that he did not realize that his repeated, post-judgment filing of petitions for post-conviction relief, motions "to correct illegal sentence," and motions to "enforce guilty plea" or to "withdraw guilty plea" in state court were treated as "postconviction attacks."[5] As an initial matter, the Magistrate Judge recommended that any claims attacking Dantzler's conviction in case no. 333-873 be dismissed without prejudice because Dantzler has filed second or successive habeas petitions in *federal court*, not state court.[6] On August 15, 2001, Dantzler filed a "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," plainly labeled as such, attacking his conviction and sentence in case no. 333-873 in this Court.[7] Therefore, under 28 U.S.C. § 2244, Dantzler must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). Because the Court lacks jurisdiction over Dantzler's petition without authorization from the Fifth Circuit, the Court will not consider

---

[5]   R. Doc. 12 at 2.

[6]   R. Doc. 9 at 4.

[7]   *Dantzler v. Stalder*, No. 01-cv-2455 (E.D. La. Aug. 15, 2001) (R. Doc. 1).

Dantzler's remaining objections, which pertain to whether he was entitled to withdraw his guilty plea in state court.[8]  Accordingly, these objections are overruled.

Having reviewed *de novo* Dantzler's petition, the record, the applicable law, the Magistrate Judge's R&R, and Dantzler's objections to the R&R, the Court approves the R&R and adopts it as its opinion.

Rule 11(a) of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons stated in the Magistrate Judge's R&R and this order, the Court concludes that Dantzler's petition fails to satisfy this standard.

---

[8]     *See* R. Doc. 12 at 2.

The Court therefore DISMISSES WITHOUT PREJUDICE Danztler's challenge to state court case no. 33-873, DISMISSES WITH PREJUDICE Dantzler's challenges to state court case nos. 332-190 and 332-191, and DENIES a certificate of appealability.

New Orleans, Louisiana, this \_\_28th\_\_ day of April, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE